**FILED**
**CLERK**

6/10/2019 12:32 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
KIETH TOMCZYK,

                    Plaintiff,

          -against-

NEW YORK UNIFIED COURT SYSTEM,
OFFICE OF COURT ADMINISTRATION,
COUNTY OF SUFFOLK, N.Y., SUFFOLK
COUNTY 10TH JUDICIAL DISTRICT,
H. PATRICK LEIS, III, in official
capacity and personal capacity,
JENNIFER LIPPMAN, ESQ., THERESA MARI,
ESQ., SARI FRIEDMAN, ESQ., JESSICA
TOMCZYK, STATE DEFENDANTS JOHN DOES
1-10 and JANE DOES 1-10, SUFFOLK
COUNTY DEFENDANTS JOHN DOES 1-10 and
JANE DOES 1-10,

                    Defendants.
---------------------------------------X

MEMORANDUM & ORDER
19-CV-2753(JS)(AYS)

APPEARANCES:
For Plaintiff:          Kieth Tomczyk, <u>pro se</u>
                        21 Soloff Road
                        Massapequa, New York 11758

For Defendants:
New York Unified        Ralph Pernick, Esq.
Court System, Office    Office of the N.Y. State Attorney General
of Court Administration, 200 Old Country Road, Suite 240
H. Patrick Leis, III,   Mineola, New York 11501

County of Suffolk, N.Y.  Brian C. Mitchell, Esq.
                        Suffolk County Dept. of Law
                        100 Veterans Memorial Highway
                        P.O. Box 6100
                        Hauppauge, New York 11788

Sari Friedman, Esq.     Jenna Lyn Fierstein, Esq.
                        Matthew K. Flanagan, Esq.
                        Catalano Gallardo & Petropoulos, LLP
                        100 Jericho Quadrangle, Suite 326
                        Jericho, New York 11753

| | |
|---|---|
| Suffolk County 10th District, Jennifer Lippman, Esq., Theresa Mari, Esq., Jessica Tomczyk, John and Jane Does | No appearances. |

SEYBERT, District Judge:

On May 10, 2019, Kieth Tomczyk ("Plaintiff"), acting <u>pro se</u>, filed a Complaint in this Court against the New York Unified Court System ("Court System"), the Office of Court Administration ("OCA"), the County of Suffolk, New York ("Suffolk County"), Suffolk County 10th Judicial District ("10th District"), the Honorable H. Patrick Leis, III, in his official capacity and personal capacity ("Justice Leis"), Jennifer Lippman, Esq. ("Lippman"), Theresa Mari, Esq. ("Mari"), Sari Friedman, Esq. ("Friedman"), Jessica Tomczyk ("Tomczyk"), State Defendants John Does 1-10 and Jane Does 1-10 ("State Does 1-20"), Suffolk County Defendants John Does 1-10 and Jane Does 1-10 ("County Does 1-20" and collectively, "Defendants"). The Complaint challenges an on-going divorce and child support enforcement action, <u>Jessica Tomczyk v. Kieth Tomczyk</u>, Index No. 33914/2013, in the New York State Supreme Court, Suffolk County, and seeks "damages, injunctive relief and declaratory relief for violations of his fundamentally secured rights, for violating his parental rights through a campaign of parental alienation, and violating his fundamental rights through a campaign of judicial terrorism." (Compl. ¶ 1.) More specifically, in addition to alleging a

deprivation of his First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights, Plaintiff claims that the "Defendants conducted a RICO enterprise of racketeering, extortion, fraud, wire fraud, and mail fraud for profit and gain against Plaintiff as a litigant and taxpayer, thus violating 18 U.S.C. §§ 1961-68, 18 U.S.C. § 1951, 18 U.S.C. § 1341, and other violations and causes of action." (Compl. ¶¶ 3-4, 17.) Plaintiff paid the filing fee to commence this action.

Because Plaintiff seeks to challenge his on-going state court divorce/child support enforcement action, this Court lacks subject matter jurisdiction to adjudicate his claims for the reasons that follow.

BACKGROUND

Plaintiff's voluminous Complaint is eighty-three typed pages and is comprised of 281 paragraphs with an additional 771 pages of exhibits. Though styled as a civil rights and RICO action, Plaintiff seeks to challenge rulings made in an underlying state court divorce and child support enforcement case pending in New York State Supreme Court, Suffolk County (the "State Court"), under Index No. 33914/2013 (the "State Case"). (See generally Compl., D.E. 1.) Plaintiff also seeks to recover a damages award in the sum of $200 billion dollars on each of his claims. (Compl.

at 55-57, 60, 62, 69, 72, 74, 77-79, 81-82.)

Plaintiff is no stranger to this Court. The instant Complaint is Plaintiff's second attempt to bring his on-going state court matrimonial and child support enforcement action to this Court. In June 2017, Plaintiff paid the Court's $400 filing fee and unsuccessfully sought to remove the State Case to this Court (see Tomczyk v. Tomczyk, 17-CV-3630 ("Tomczyk I")). By Memorandum and Order dated June 29, 2017, the Court sua sponte remanded the action to the State Court pursuant to 28 U.S.C. § 1447. (See Tomczyk I M&O, D.E. 6.) The Court cautioned Plaintiff that, "under the domestic relations exception to this Court's subject matter jurisdiction, 'divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds[ ]' [quoting] Marshall v. Marshall, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006)" and that "jurisdiction over the Complaint is likely barred by the domestic relations exception to the jurisdiction of the federal courts." (See Tomczyk I M&O at 4.) Notwithstanding the Court's guidance, Plaintiff has paid the $400.00 filing fee again and continues his attempt to bring the State Case to this Court.

I.  Standard of Review

        Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

        Further, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a

case, sua sponte, if it determines that the court lacks jurisdiction over the matter. FED. R. CIV. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

II.  The Domestic Relations Exception Bars Plaintiff's Claims

Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. Marshall, 547 U.S. at 308, 126 S. Ct. at 1746 (internal quotation marks and citation omitted); Mitchell-Angel v. Cronin, 101 F.3d 108 (2d Cir. 1996) (unpublished opinion); Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2214-15, 119 L. Ed. 2d 468 (1992)). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack." Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

Applying these principles, courts in the Second Circuit have abstained from controversies that, regardless of how a

plaintiff characterizes them, "begin and end in a domestic dispute." Tait v. Powell, 241 F. Supp. 3d 372, 377 (E.D.N.Y. 2017) (citation and quotation marks omitted); see also Martinez v. Queens Cty. Dist. Atty., 596 F. App'x 10, 12 (2d Cir. 2015) (applying domestic relations exception to plaintiff's conspiracy claim against state judges and officials involved in divorce proceeding and reasoning that "subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings," even if parties are not seeking a custody decree).

As is readily apparent, Plaintiff's claims here seek to challenge determinations in the State Case. Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. Ankenbrandt, 504 U.S. at 714, 112 S. Ct. at 2221 ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") (internal quotation marks and citation omitted).

Although Plaintiff styles some of his claims as raising statutory and constitutional issues, the allegations stem from an on-going state domestic relations matter and are thus outside this

Court's jurisdiction. McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); see also Sullivan v. Xu, 10-CV-3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to child custody and child support orders).

Accordingly, because Plaintiff challenges the underlying, on-going State Court matrimonial and child support enforcement action, the Court lacks subject matter jurisdiction under the domestic relations exception to this Court's jurisdiction. The Complaint is thus DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 12(h)(3).

### III. Younger Abstention also Precludes this Court from Exercising Jurisdiction

Plaintiff seeks declaratory and injunctive relief that

would cause this Court to intervene in Plaintiff's ongoing state-court divorce and child support proceedings. Under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and its progeny, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003). The Supreme Court, in Sprint Communications, Inc. v. Jacobs, clarified that district courts should abstain from exercising jurisdiction only in three "exceptional circumstances." 571 U.S. 69, 78, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013). These involve: "(1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty., 805 F.3d 425, 427 (2d Cir. 2015) (quoting Sprint Commc'ns, Inc., 571 U.S. at 73, 134 S. Ct. 588). The Supreme Court explained that "these three 'exceptional' categories . . . define Younger's scope." Sprint Commc'ns, Inc., 571 U.S. at 78, 134 S. Ct. at 591.

Here, Younger and Sprint Commc'ns, Inc.'s require this Court to abstain. Plaintiff's federal Complaint "implicates the way that New York courts manage their own divorce and custody

proceedings--a subject in which 'the states have an especially strong interest.'" <u>Falco</u>, 805 F.3d at 427 (quoting <u>Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel</u>, 490 F.2d 509, 516 (2d Cir. 1973)). Additionally, New York has an important interest in the accurate and bias-free functioning of its judicial system. <u>See, e.g.</u>, <u>Pennzoil v. Texaco, Inc.</u>, 481 U.S. 1, 12–14, 107 S. Ct. 1519, 1526–28, 95 L. Ed. 2d 1 (1987) (state interest in regulating judicial procedures); <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982) (state interest in functioning of judicial system). Accordingly, this Court abstains under <u>Younger</u> from interfering in Plaintiff's ongoing state-court proceedings, involving divorce and child support issues and "implicat[ing] a State's interest in enforcing the orders and judgments of its courts." <u>Sprint Comm'ns, Inc.</u>, 571 U.S. at 72-73, 134 S. Ct. at 588. Therefore, Plaintiff's claims for injunctive and/or declaratory relief are DISMISSED WITHOUT PREJUDICE on <u>Younger</u> abstention grounds as well.[1]

---

[1] Notably, insofar as Plaintiff seeks to challenge the judgment of contempt entered against him for failing to pay child support, such claims fall squarely within the scope of abstention. <u>See</u>, <u>e.g.</u>, <u>Juidice v. Vail</u>, 430 U.S. 327, 339, 97 S. Ct. 1211, 1219, 51 L. Ed. 2d 376 (1977) (holding that <u>Younger</u> required the district court to abstain in an action that sought to challenge the statutory contempt procedures in New York); <u>see</u>

IV. The Rooker-Feldman Doctrine also bars Plaintiff's Claims

Even if Plaintiff's Complaint was not barred by the domestic relations exception and/or Younger abstention, the Rooker-Feldman doctrine precludes review of Plaintiff's claims in this Court. Coalescing the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-17, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments. "Underlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state court decisions." Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (internal quotation marks and citation omitted).

There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have

---

also Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Moreover, New York courts provide process for individuals who wish to challenge their contempt proceedings. See N.Y. C.P.L.R. § 7001; People ex rel. Foote v. Lorey, 28 A.D.3d 917, 918, 813 N.Y.S.2d 798 (3d Dept. 2006) (addressing a petition for a writ of habeas corpus filed pursuant to N.Y. C.P.L. Article 70 challenging a family court order of contempt). Thus, Plaintiff has an adequate avenue for review of the contempt order in state court.

lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his [or her] complaint in the form of a civil rights action." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citations omitted). In addition, a plaintiff cannot circumvent Rooker-Feldman's bar by recasting his claims as civil rights violations or as RICO claims. Davidson v. Garry, 956 F. Supp. 265, 269 (E.D.N.Y. 1996)

Here, Plaintiff's allegations seek to collaterally attack the state court's orders against him relating to child support and visitation with his children. Plaintiff who has lost in state court and who now complains of injuries caused by the state court, invites this Court to review and reject the state court orders, all of which were issued before Plaintiff filed his Complaint in this Court on May 10, 2019. In broad terms, Plaintiff claims that an overarching racketeering enterprise tainted the

state court action, and those involved conspired to, among other things, imprison Plaintiff for failing to pay his court-ordered child support and maintenance obligations.  Plaintiff's claims here hinge on his allegations of unlawful conduct in the underlying state court action, and invite this Court to review and reject such conduct.  Thus, because all the Rooker-Feldman requirements are satisfied, the Court lacks jurisdiction to adjudicate Plaintiff's claims.  Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 12(h)(3) on the additional ground that the Rooker-Feldman doctrine divests this Court of jurisdiction.[2]

---

[2] Given that this Court lacks subject matter jurisdiction, it need not address Plaintiff's Section 1983, 1985, and 1986 claims.  However, because a Section 1983 claim requires a plaintiff to "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States", Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation marks and citation omitted), his Section 1983 claims would fail as a matter of law because Lippman, Tomczyk, and Friedman are not state actors and Plaintiff has not alleged a plausible conspiracy claim. Similarly, Plaintiff's Section 1985 and 1986 claims would also fail.  Section 1985 requires: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  Robinson v. Allstate Ins. Co., 508 F. App'x 7, 9 (2d Cir. 2013) (internal

V. Immunity Also Bars Plaintiff's Claims

    A.    The Eleventh Amendment

        The Eleventh Amendment bars suits brought by a state's own citizens in federal court.  Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)).  It is well-established that, as an agency or arm of the State of New York, the New York Unified Court System, the Office of Court Administration, and the 10th Judicial District, are immune from suit under the Eleventh Amendment.  Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) ("[T]he New York State Unified Court System is an arm of the State . . ., and is therefore protected by Eleventh Amendment sovereign immunity"); Trivedi v.

---

quotation marks and citation omitted)); see also 42 U.S.C. § 1985(2)-(3).  A claim for conspiracy under Section 1985 "must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus."  Robinson, 508 F. App'x at 9 (internal quotation marks and citation omitted)).  Because Plaintiff does not allege he is a member of a protected class or that he was a victim of class-based, invidiously discriminatory animus, his Section 1985 claim is implausible.  A Section 1986 claim is premised upon the validity of a claim under Section 1985.  Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996) (dismissing Section 1986 claims because they are contingent upon valid Section 1985 claims).  Accordingly, Plaintiff's Section 1986 claim is implausible.  Asensio v. Roberts, 19-CV-3384, 2019 WL 1877386, *3 n.2 (S.D.N.Y Apr. 26, 2019) ("And, if Plaintiff cannot allege sufficient facts to state a § 1985 claim, he cannot state a related claim under 42 U.S.C. § 1986.").

N.Y.S. Unified Ct. Sys. Off. of Ct. Admin., 818 F. Supp. 2d 712, 734 (S.D.N.Y. 2011), aff'd sub nom., Seck v. Off. of Ct. Admin., 582 F. App'x 47 (2d Cir. 2014). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

In addition, insofar as Plaintiff seeks to recover a monetary award against Justice Leis, Mari (the Court-appointed law guardian for the children), and the unnamed State Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984). Because Section 1983 does not operate as a waiver of New York's Eleventh Amendment immunity and New York has not consented to such suits in federal Court, Walter v. Queens College, 18-CV-3060, 2019 WL 2342700, *4 (E.D.N.Y. June 3, 2019) ("Congress did not waive the states' Eleventh Amendment immunity from suit when it enacted Section 1983"), Plaintiff's claims against the State of New York, the New York Unified Court System, the Office of Court Administration, the 10th District, Justice

Leis, Mari, and the unnamed State Defendants in their official capacities are barred by the Eleventh Amendment and are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. See, e.g., Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54, 116 S. Ct. 1114, 1121, 134 L. Ed. 2d 252 (1996) (a claim that is barred by a state's sovereign immunity is properly dismissed under the Eleventh Amendment for a lack of subject matter jurisdiction).

B.    Absolute Judicial Immunity

Further, to the extent that Plaintiff seeks prospective injunctive relief from Justice Leis in his official capacity (which is not barred by the Eleventh Amendment) such claims are barred by absolute judicial immunity. It is well-established that judges have absolute judicial immunity from suit for their judicial actions. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13, 112 S. Ct. at 288 (internal quotation marks and citations omitted; ellipsis omitted). This immunity may be overcome only if the court is

alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12, 112 S. Ct. at 288.

Here, Plaintiff complains of conduct allegedly performed by Justice Leis while presiding over the underlying state court proceeding. There is nothing in the Complaint from which the Court could reasonably construe that any alleged misconduct occurred outside of that capacity or that Justice Leis lacked jurisdiction over the proceedings. Thus, as is readily apparent, Justice Leis is entitled to absolute judicial immunity. Plaintiff may seek to appeal the adverse ruling he seeks to challenge here within the state court system, but he may not subject Justice Leis to personal liability in this Court. Accordingly, Plaintiff's claims against Justice Leis are DISMISSED.[3]

VI. The All Writs Act

---

[3] Plaintiff's RICO claims would also fail. To bring a RICO claim, a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." See Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) quoting 18 U.S.C. § 1962. As is readily apparent, the Complaint is silent, for example, as to how Defendants' activities in the underlying matrimonial and child support enforcement action in Suffolk County affected interstate or foreign commerce.

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).  Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

The instant Complaint is Plaintiff's second attempt to bring his on-going divorce and child support enforcement action pending in the New York State Supreme Court, Suffolk County, to this Court.  Plaintiff is cautioned that this Court will not tolerate frivolous filings.  The Court has an "obligation to

protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).  The Court is especially cognizant of Plaintiff's pro se status and has considered his submissions in as positive a light as possible. Nonetheless, the Court now warns Plaintiff that similar, future attempts to bring his divorce and/or child support enforcement action to this Court or any new complaint concerning the same subject matter as set forth in the instant Complaint will not be tolerated.  Should Plaintiff continue in this course of action, the Court will order Plaintiff to show cause why an order prohibiting Plaintiff from filing any future lawsuit relating to the State Case without first obtaining leave of Court should not be entered.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rules of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should he file another action relating to the State Case, it is

within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

### CONCLUSION

For the reasons set forth above, the Complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Plaintiff's claims are barred by Younger abstention, the Domestic Relations exemption, the Rooker-Feldman doctrine, and immunity. Plaintiff is warned that similar, future complaints will not be tolerated. If Plaintiff persists in this course of conduct, the Court may issue an Order prohibiting Plaintiff from filing any future lawsuit relating to the State Case without first obtaining leave of Court after affording Plaintiff notice and an opportunity to be heard. Plaintiff is also cautioned that Rule 11 of the Federal Rules of

Civil Procedure applies to _pro_ _se_ litigants, and should he file another action relating to the State Case, it is within the Court's authority to consider imposing sanctions upon him.

Although Plaintiff paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal _in_ _forma_ _pauperis_, such status is DENIED for the purpose of any appeal. _See_ _Coppedge_ _v._ _United_ _States_, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this case CLOSED and to mail a copy of this Order to the _pro_ _se_ Plaintiff.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated: June ___10___, 2019
       Central Islip, New York